| | |
|---|---|
| DISTRICT COURT, COUNTY OF JEFFERSON<br>STATE OF COLORADO<br><br>100 Jefferson County Parkway<br>Golden, Colorado | DATE FILED: March 22, 2023 3:00 PM<br>FILING ID: 2D5A8B4466BF0<br>CASE NUMBER: 2023CV30370 |
| **Plaintiff:**<br><br>   LINDA NEWMAN<br><br>v.<br><br>**Defendants:**<br><br>   LAKEWOOD CITY COMMONS, LP, a Foreign Limited Partnership;<br>   CNA ENTERPRISES, INC., a Foreign Corporation; And<br>   DILLON COMPANIES, LLC, a Foreign Limited Liability Company d/b/a KING SOOPERS #727 | ▲ COURT USE ONLY ▲<br><br>Case No.<br><br>Division: |
| *Attorneys for Plaintiff:*<br>Geoffrey S. Gulinson, #19351<br>Geoffrey S. Gulinson & Associates, P.C.<br>4155 East Jewell Avenue, Suite 402<br>Denver, CO  80222<br>Phone: (303) 753-0037<br>Fax:  (303) 753-4599<br>geoff@gsgcolorado.com | |
| **COMPLAINT** | |

   Plaintiff Linda Newman, by and through her undersigned attorneys, Geoffrey S. Gulinson & Associates, P.C. and for her Complaint against Defendants Lakewood City Commons, LP, a Foreign Limited Partnership; CNA Enterprises, Inc., a Foreign Corporation; and Dillon Companies, LLC, a Foreign Limited Liability Company d/b/a King Soopers #727, states and alleges as follows:

Exhibit A

## GENERAL ALLEGATIONS

1. Plaintiff Linda Newman resides at 4932 W. Custer Place in Denver, Colorado 80219.

2. Defendant Lakewood City Commons, LP is a foreign limited partnership authorized to do business in the State of Colorado, and whose registered agent is Incorporating Services, Ltd. located at 95 Emerson Street, Suite 601 in Denver, Colorado 80218.

3. Defendant Lakewood City Commons, LP was an owner of the walkway outside the subject King Soopers store where Plaintiff slipped and fell.

4. Defendant CNA Enterprises, Inc. is a foreign corporation authorized to do business in the State of Colorado, and whose registered agent is Incorporating Services, Ltd. located at 95 Emerson Street, Suite 601 in Denver, Colorado 80218.

5. Defendant CNA Enterprises, Inc. was an owner of the walkway outside the subject King Soopers store where Plaintiff slipped and fell.

6. Defendant Dillon Companies, LLC is a foreign limited liability company d/b/a King Soopers #727 authorized to do business in the State of Colorado, and whose registered agent is Corporation Service Company located at 1900 W. Littleton Boulevard in Littleton, Colorado 80120.

7. The subject King Soopers store where Plaintiff slipped and fell on the outside walkway is located at 7984 W. Alameda Avenue in Lakewood, Colorado 80226.

8. One of the male employees of the subject King Soopers store was on the walkway outside of the store watering plants when Plaintiff slipped and fell.

9. Subject matter jurisdiction is proper in this Court as the probable amount of recovery exceeds the county court limitation pursuant to the Colorado Revised Statutes.

10. Personal jurisdiction is proper in this Court as the fall occurred in the City of Lakewood, Jefferson County, State of Colorado.

11. This action is governed by the Colorado Revised Statutes, applicable statutes and regulations, administrative safety standards and common-law mandates as indicated herein, in the C.R.C.P. 16 Trial Management Order and at trial.

## FACTUAL STATEMENTS

12. Plaintiff hereby affirms, alleges and incorporates the allegations contained in the above paragraphs as though set forth fully herein.

13. On or about April 19, 2021, Plaintiff was a business "invitee" of the subject King Soopers store located at 7984 W. Alameda Avenue in Lakewood, Colorado 80226.

14. The fall occurred when Plaintiff was leaving the King Soopers store through the front exit. A male employee of the Defendants was watering plants that were on plant stands located just outside the front entrance. The temperature that day was 34 degrees and as Plaintiff walked across the wet concrete, she slipped and fell backwards hitting the back of her head on the concrete.

15. The impact when Plaintiff fell caused pain in her upper back and in her neck. The had difficulty turning her head to the left or right and underwent nerve block injections as well as trigger point injections.

16. Defendants, through their employees, knew or should have known that watering plants on a concrete walkway in front of the exit door of the King Soopers store created a dangerous condition, especially since the weather was just above freezing.

17. Defendants, through their employees, failed to use reasonable care to protect Plaintiff against the hazardous condition which existed at the front entrance of the store, and this failure was the cause of Plaintiff's injuries, damages, or losses.

18. As a direct and proximate result or substantial factor of Defendants' actions and/or omissions, Plaintiff slipped and fell on the wet concrete in front of the exit of the King Soopers store, which resulted in injuries as stated above, as well as pain and suffering, emotional distress as a result of the fall, permanent impairment, and other injuries which will be more particularly described at trial.

19. Due to the injuries sustained in the fall, Plaintiff has treated with medical providers and has complied with medical treatment, which will be more particularly described at trial.

### FIRST CLAIM FOR RELIEF
*Premises Liability Against Defendants - C.R.S. § 13-21-115*

20. Plaintiff hereby affirms, alleges, and incorporates the allegations contained in the above paragraphs as though set forth fully herein.

21. At the time of the Plaintiff's fall, Defendants were "landowners" within the meaning of C.R.S. § 13-21-115(1).

22. It was Defendants' express representation that the public, including Plaintiff, was requested, expected or intended to enter and exit upon its premises.

23. At the time of the fall, Plaintiff was a "business invitee" of Defendants, which on information and belief, had common-law and contractual duties to Plaintiff, either directly or indirectly,

as third-party beneficiaries between Defendants to allow Plaintiff to enter and transact through a safe and non-hazardous premises. It was Defendants' express representation that the public was requested, expected, or intended to enter or remain upon such premises.

24. At the time of the fall, Defendants, as statutory or actual "landowners," were legally responsible for the condition of the real property, as well as for the activities conducted or circumstances existing on the aforementioned real property within the meaning of C.R.S. Section 13-21-115(1), and Plaintiff was an "invitee" of Defendants as she was a person who entered and exited the premises in order to transact business in which the parties were mutually interested, within the meaning of C.R.S. Section 13-21-115(c).

25. Defendants are directly or imputably liable to Plaintiff as a "business invitee" for damages and injuries sustained by Plaintiff and caused by Defendants for the unreasonable failure to exercise reasonable care to protect against dangers of which were known or should have been known pursuant to C.R.S. Section 13-21-115(3).

26. Defendants, as a direct and proximate result or substantial factor in bringing or causing Plaintiff's injuries as described above, are liable for their actions and inactions for economic damages, including medical expenses, and for non-economic damages, including, but not limited to, loss of enjoyment of life, pain and suffering, permanent impairment and emotional distress as a result of the fall, all in amounts to be proven at trial.

27. Prior to and leading up to the time Plaintiff was injured, Defendants and/or their employees failed to exercise reasonable care to protect against dangers of which they knew or should have known.

28. Defendants failed to warn individuals, including trespassers, licensees and/or invitees, of the dangerous condition presented by not abating the concrete around the exit door of the King Soopers store when an employee was watering plants when the temperature was just above freezing.

29. At the time of the fall, a condition existed on the premises which created an unreasonable risk of injury to persons such as Plaintiff.

30. As a further direct and proximate result or substantial factor of Defendants' negligence as indicated in the paragraphs above, Plaintiff has suffered loss of enjoyment of life and impairment of the quality of life.

31. Plaintiff, at all times relevant hereto, was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

    a. Compensation for economic losses, both past and future;

    b. Compensation for non-economic losses for pain and suffering, inconvenience, emotional distress, loss of enjoyment of life, and anxiety, both past and future;

    c. Compensation for other expenses sustained or incurred;

    d. Attorneys' fees as provided by law;

    e. Pre- and post-judgment interest as provided by law;

    f. Costs, including expert witness fees, as provided by law; and

    g. Such further relief as the Court deems just and proper.

DATED this 16th day of March, 2023.

**GEOFFREY S. GULINSON & ASSOCIATES, P.C.**

*A duly signed original on file at the office of Geoffrey S. Gulinson and Associates, P.C.*

*s/ Geoffrey S. Gulinson*
Geoffrey S. Gulinson, #19351
Attorneys for Plaintiff

Plaintiff's Address:
4932 W. Custer Place
Denver, CO  80219